FILED
DECEMBER 19, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7142**

| | |
|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS' WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS' TRAINING FUND, LOCAL 597; the BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; and THE PIPE FITTERS ASSOCIATION, LOCAL 597 U.A., <br><br>Plaintiffs, <br><br>vs. <br><br>J & B MECHANICAL INC., an Illinois Corporation, d/b/a INDEPENDENCE TEST & BALANCE <br><br>Defendant. | CIVIL ACTION <br><br> NO. <br><br> **JUDGE PALLMEYER** <br> **MAGISTRATE JUDGE SCHENKIER** <br><br> JUDGE: <br><br><br> MAGISTRATE JUDGE: |

## COMPLAINT

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.*, by and through their attorneys, JOHNSON & KROL LLC, complaining of the Defendant, J & B MECHANICAL INC., d/b/a INDEPENDENCE TEST & BALANCE (hereinafter referred to as "J & B") and allege as follows:

1.  This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 1132 and 185). Jurisdiction is founded on the existence of federal questions arising thereunder.

1

2. The BOARD OF TRUSTEES of the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, The BOARD OF TRUSTEES of the PIPE FITTERS' WELFARE FUND, LOCAL 597, The BOARD OF TRUSTEES of the PIPE FITTERS' TRAINING FUND, LOCAL 597, are authorized to administer The PIPE FITTERS' WELFARE FUND, LOCAL 597, The PIPE FITTERS' RETIREMENT FUND, LOCAL 597, The PIPE FITTERS' TRAINING FUND, LOCAL 597 (hereinafter referred to as the "TRUST FUNDS"), which receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A., (hereinafter referred to as the "UNION"), and therefore, are multi-employer plans under 29 U.S.C. § 414(f). The Trust Funds are administered at 45 North Ogden Avenue, Chicago, Illinois. Therefore, venue is proper in the Northern District of Illinois, Eastern Division.

3. The BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST is authorized to administer the CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST (hereinafter referred to as "INDUSTRY FUND").

4. The UNION is the bargaining representative of J & B's bargaining unit employees.

5. The Defendant J & B is an employer engaged in an industry affecting commerce which entered into an Agreement, whereby it agreed to be bound by the provisions of the Collective Bargaining Agreement negotiated between the UNION and the Mechanical Contractors Association for all times relevant to this action. (A copy of the Agreement is attached as Exhibit 1); (A copy of the Collective Bargaining Agreement is attached as Exhibit 2).

6. Through the agreements referred to in paragraph 5, the Defendant J & B also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

7. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant J & B is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly contribution reports") and pay contributions to the TRUST FUNDS and the INDUSTRY FUND for each hour worked at the rate specified in the Collective Bargaining Agreement and the Trust Agreements. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

8. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

9. Pursuant to the provisions of the Collective Bargaining Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the INDUSTRY FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorneys fees and costs of maintaining suit.

10. Defendant J & B has submitted untimely Contribution Reports and contribution payments during the time period of March 2004 through present, resulting in the assessment of liquidated damages and interest charges in the amount of $22,488.13.

11. An audit conducted by Costin, Hammel & Leake, LLC on February 23, 2005 revealed that J & B currently owes approximately $13,922.62 in unpaid contributions for the period of January 1, 2002 through November 1, 2004. (A copy of the Audit Report is attached as Exhibit 3).

12. Defendant J & B owes a contribution deficiency for the month of August 2007 in the amount of $17.95.

13. Defendant has further failed to submit Contribution Reports or the associated payments for the months of September, October and November of 2007. J & B is required to submit those reports and pay the associated contributions, liquidated damages, interest charges, and UNION dues associated with those additional delinquencies.

14. Due to Defendants failure to submit Contribution Reports and the associated payments for the months of September, October and November of 2007, liquidated damages and interest charges have accrued in an unknown amount.

15. Pursuant to the Collective Bargaining Agreement, J & B is required to deduct UNION dues from its employee's paychecks (called wage work assessment) and remit payment of those dues to the UNION.

16. Defendant J & B owes the UNION, the INDUSTRY FUND, and the TRUST FUNDS approximately $36,428.70, representing known contributions and UNION dues, together with liquidated damages and interest for the time period of January 1, 2002 through present. Further amounts are owed in an unknown amount for the months of September,

2007 through the present.

17. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from the Defendant.

18. Plaintiffs have complied with all conditions precedent in bringing this suit.

19. Defendant is obligated to pay the audit fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs pray:

A. That Judgment be entered in favor of Plaintiffs and against Defendant J & B in the Aggregate amount of approximately $36,428.70;

B. That Defendant J & B be ordered to submit Contribution Reports, payments, liquidated damages and interest for the months of September, October and November 2007;

C. That judgment be entered in favor of Plaintiffs and against Defendant J & B for whatever contributions, liquidated damages, interest, and UNION dues are found to be due and owing in addition to the amount referred to in paragraph A above;

D. That Defendant J & B be ordered to pay the reasonable audit fees, attorney fees, and costs incurred by the Plaintiffs, 29 U.S.C. §1132(g)(2)(D) in bringing this suit; and

E.  That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

JOHNSON & KROL, LLC

BY: _____
Joseph E. Mallon
One of Plaintiffs' Attorneys

Johnson & Krol, LLC
208 South LaSalle Street, Suite 1602
Chicago, IL 60604
(312) 372-8587